JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Flanagan

## DEFENDANTS
City of Philadelphia; P/O Thomas Liciardello; P/O Sean O'Malley; P/O Michael Spicer; P/O Perry Betts; P/O Brian Reynolds; Lt. Thomas Wixted; P/O Stacey Brown

**(b)** County of Residence of First Listed Plaintiff    Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James, Schwartz and Associates
1500 Walnut Street, 21st Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from Another District *(specify)*     ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983 and 1988
Brief description of cause:
Defendants violated Plaintiff's civil rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
750,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE
06/07/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2228 Sepviva Street, Philadelphia, PA 19125

Address of Defendant: 1501 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 2150 East Dauphin Street, Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: 12-5690     Judge Paul S. Diamond     Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Michael C. Schwartz , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6/7/2017          _____     39475
                        Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/7/17          _____     39475
                      Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph Flanagan     :     CIVIL ACTION

v.     :

City of Philadelphia, et al. :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( ✓ )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

6/7/2017         _m. Schwartz_         Plaintiff
**Date**                  **Attorney-at-law**           **Attorney for**

(215) 751-9865         (215) 751-0658         mschwartz@civilrightspa.com
**Telephone**              **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH FLANAGAN              :
2228 SEPVIVA STREET       :
PHILADELPHIA, PA 19125   :
         ***PLAINTIFF***     :
                        :     CIVIL ACTION NO:
      v.                 :
                        :
CITY OF PHILADELPHIA    :     JURY TRIAL DEMANDED
P/O THOMAS LICIARDELLO, NO. 4383 :
P/O SEAN O'MALLEY, NO. 6991  :
P/O MICHAEL SPICER, NO. 5180  :
P/O PERRY BETTS, NO. 6761    :
P/O BRIAN REYNOLDS, NO. 4268  :
LT. THOMAS WIXTED, NO. 243   :
P/O STACEY BROWN, NO. 9432   :
1515 ARCH STREET           :
PHILADELPHIA, PA 19102   :
         *DEFENDANTS*      :

## COMPLAINT

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988. and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against City of Philadelphia Police Officers in their individual capacities and against the City of Philadelphia. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to entertain claims arising under state law.

**PARTIES**

2.      Plaintiff JOSEPH FLANAGAN, at all times relevant to this Complaint, is and was a resident of the City of Philadelphia and the Commonwealth of Pennsylvania.

3.      Defendant CITY OF PHILADELPHIA, at all times pertinent to this Complaint, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employees the below-named police officers.

4.      Defendants P/O THOMAS LICIARDELLO, P/O SEAN O'MALLEY, P/O MICHAEL SPICER, P/O PERRY BETTS, P/O BRIAN REYNOLDS, LT. THOMAS WIXTED, P/O STACEY BROWN, at all times pertinent to this complaint, are and were employed by the Philadelphia Police Department, acting under color of state law, pursuant to either official policy, custom or practice of the City of Philadelphia and/or its Police Department.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5.      At the time of the incident that is the subject of this Complaint, Plaintiff Joseph Flanagan was a forty-eight year-old male.

6.      On July 21, 2009, Plaintiff was arrested at his home, following the execution of a search warrant by Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown.

7.      In the affidavit of probable cause, Defendant Liciardello alleged that a confidential informant provided him information that a person, later identified as Theodore Carobine, was supplying Plaintiff Flanagan with methamphetamine to sell.

2

8.     In the affidavit of probable cause, Defendant Liciardello alleged further that the confidential informant attempted to make a controlled purchase of methamphetamine from Plaintiff Flanagan, who told him that he did not have the drugs, but that "Ted has not been down yet but will be down after 8:00 PM with the 'shit.'"

9.     In the affidavit of probable cause, Defendant Liciardello alleged that Defendants Spicer and Betts observed Plaintiff meet Carobine and hand him a large amount of U.S. currency.

10.     Plaintiff did not meet Theodore Carobine and give him a large amount of U.S. currency, and therefore, the affidavit of probable cause contained a material falsehood.

11.     In the affidavit of probable cause, Defendant Liciardello alleged that back-up police officers, including Defendants Reynolds and Spicer, observed Carobine drive to 2963 Frankford Ave, make a telephone call and then meet a male later identified as John Goodwin, who opened a security gate and allowed Carobine to enter the property.

12.     The affidavit alleged further alleged that, five minutes later, Carobine emerged with a brown paper bag, and drove back to where he had met with Plaintiff, and then handed Plaintiff the brown paper bag.

13.     In the affidavit of probable cause, Defendant Liciardello alleged further that the confidential informant made a controlled purchase of methamphetamine from Plaintiff.

14.     Plaintiff did not meet Theodore Carobine in the manner described, did not possess the brown paper bag and did not engage in any of the activity as described in the affidavit of probable cause.  Therefore, the affidavit of probable cause contained material falsehoods.

15.     Defendants claimed that they recovered five (5) clear Ziploc bags containing approximately 23 grams of methamphetamine from a bedroom in the house.

16.     Plaintiff denies that these drugs were ever in his home or in his possession, and therefore, they were either planted or their recovery was fabricated by Defendants.

17.     As a result of the planted or fabricated recovery of drugs, Plaintiff was arrested and falsely accused of possession of methamphetamine with intent to distribute, and conspiracy to distribute methamphetamine.

18.     Following the execution of the search warrant at Carobine's residence, Defendants claimed that that they recovered a clear Ziploc bag containing approximately 100 grams of methamphetamine from a bedroom in the house.

19.     Carobine denies that these drugs were ever in his home or in his possession, and therefore, they were either planted or their recovery was fabricated by Defendants.

20.     As a result of the planted or fabricated recovery of drugs, Carobine was arrested and falsely accused of possession of methamphetamine with intent to distribute, and conspiracy to distribute methamphetamine.

21.     Following his arrest, Plaintiff Flanagan had high bail set due to the nature of the charges, and he remained in jail until October 18, 2012 when Plaintiff entered a negotiated guilty plea and was sentenced to time served to 23 months, paroled immediately, followed by 8 years probation. Plaintiff served an additional 17 months for a violation of parole, which also resulted in a loss of street time.

22.     On December 3, 2012, the Philadelphia District Attorney R. Seth Williams sent a letter to Philadelphia Police Commissioner Ramsey indicating that the District Attorney's Office would no longer use certain Philadelphia narcotics officers, including Thomas Liciardello, Michael Spicer, and Perry Betts, as witnesses, or accept charges or approve search warrants in cases in which these officers were involved.

23.     Based upon this after-discovered evidence, Plaintiff filed a motion under the Post Conviction Relief Act (PCRA), seeking to have his judgment of sentence and guilty plea vacated.

24.     On June 19, 2015, the PCRA motion was granted and a new trial was ordered.

25.     On that same date, the Commonwealth's motion for a *nolle prosse* was granted.

26.     Philadelphia Police Officers, including the above-named NFU officers, caused the initiation of criminal charges against Plaintiff, without probable cause, and with malice, and thereby subjected him to malicious prosecution in violation of his constitutional rights under the Fourth Amendment to the United States Constitution.

27.     Philadelphia Police Officers, including some or all of the above-named NFU officers, deliberately fabricated evidence, suppressed and/or destroyed exculpatory evidence thereby violating Plaintiff's rights to due process of law under the Fourteenth Amendment to the United States Constitution.

## COUNT I
### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983
### PLAINTIFF JOSEPH FLANAGAN V. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

28.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

29.     As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

  a.      Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; to be free in his person from unreasonable searches and seizures and violations of his right to due process of law;

  b.      Loss of his physical liberty;

    c.      Loss of property;

    d.      Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

30.    Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff.

**COUNT II**
**FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983**
**PLAINTIFF JOSEPH FLANAGAN V. DEFENDANT CITY OF PHILADELPHIA**

31.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

32.    Defendant City of Philadelphia, as a matter of policy or practice, has, with deliberate indifference to the rights of its citizens, including Plaintiff, failed to:

    a.      adequately hire, discipline, train, supervise and/or otherwise direct its employees, including Defendants in this case, concerning the rights of citizens;

    b.      establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees, including Defendants in this case; and

    c.      adequately sanction and/or discipline its employees, including Defendants in this case, for violations of the rights of citizens;

hereby causing Defendants, in this case, to engage in the unlawful conduct described herein.

1.    As a direct and proximate cause of the actions of Defendant City of Philadelphia, Plaintiff suffered the following injury and damages:

    a.      Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania;

    b.      Loss of physical liberty;

    c.      Search and seizure of private property;

d. Suffer physical pain, and emotional distress, public humiliation, damage to reputation, depression and anxiety.

e. Economic losses, including but not limited to lost income and benefits, loss of future income and impairment of earning capacity, and loss of employment opportunities.

33. Plaintiff claims damages under 42 U.S.C. § 1983, for the injuries set forth above against Defendants for their violation of the clearly established and well-settled federal constitutional rights of Plaintiff.

## COUNT III
### STATE CLAIM: MALICIOUS PROSECUTION
### PLAINTIFF JOSEPH FLANAGAN V. DEFENDANTS LICIARDELLO, O'MALLEY, SPICER, BETTS, REYNOLDS, WIXTED, AND BROWN

34. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

35. By the conduct set forth above, Defendants Liciardello, O'Malley, Spicer, Betts, Reynolds, Wixted, and Brown, individually and jointly, intentionally, recklessly, and maliciously caused a criminal prosecution to be initiated against Plaintiff.

36. Plaintiff was arrested and imprisoned and had to endure the prospect of going to trial in order to prove his innocence. Defendants acted with malice and furthered the prosecution of Plaintiff by providing false information, and/or withheld truthful information, all of which if known would have resulted in no prosecution of Plaintiff.

37. The criminal charges against Plaintiff were terminated in his favor following the dismissal of all charges.

38. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continues to suffer emotional distress, humiliation, mental pain and anguish and such other and further losses as are established at trial.

7

## COUNT IV
### DAMAGES

39.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as set forth above.

40.     Plaintiff suffered losses including, but not limited to monetary and property loss, and attorney's fees.

41.     The conduct of the individual Defendants was outrageous, in that it was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of Plaintiff, and therefore, warrants the imposition of punitive damages.


### RELIEF

**WHEREFORE**, Plaintiff Joseph Flanagan requests the following relief:

a.      Compensatory damages;

b.      Punitive damages against Defendant police officers only;

c.      Such equitable and legal relief as is proper and just.

d.      Attorney fees for Counts I and II;

e.      Plaintiff demands a trial by jury on issues triable to a jury.


Respectfully submitted,

**James, Schwartz & Associates, P.C.**


By:     /S/   Jonathan James   JJJ6405
        JONATHAN J. JAMES, ESQUIRE
        Attorney I.D. #64534
        jjames@civilrightspa.com


8

/S/      Michael Schwartz MCS6449
MICHAEL C. SCHWARTZ
Attorney I.D. #39475
mschwartz@civilrightspa.com

1500 Walnut Street – 21st Floor
Philadelphia, PA 19107
(215) 751–9865

COUNSEL FOR PLAINTIFF

Date:   June 7, 2017